UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SMITH** | **CIVIL ACTION NO. 2:20-cv-00818** |
| **VERSUS** | **JUDGE GREG G. GUIDRY** |
| **ROBERT TANNER, ET AL** | **MAGISTRATE JUDGE WILKINSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF F.R.C.P. 12(b)(6) MOTION TO DISMISS FOR PLAINTIFF'S LACK OF STATUTORY STANDING**

**MAY IT PLEASE THE COURT:**

Defendant, Brink Hillman, submits this memorandum in support of his Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the Complaint of Plaintiff, Richard Smith, based on the Plaintiff's lack of statutory standing to pursue his claims. As set forth herein, Defendant seeks an order dismissing him from this lawsuit, with prejudice, unless Richard Smith can prove by a preponderance of the evidence that the decedent, Anthony Carl Smith, had no surviving spouse or children and that Plaintiff thus has legal standing to assert survival or wrongful death claims in this matter.

**FACTS RELEVANT TO THIS MOTION**

Plaintiff, Richard Smith, alleges that he is the father of Anthony Smith.[1] Plaintiff's complaint generally alleges that Anthony Smith, an inmate at the Rayburn Correctional Center in Angie, Louisiana, was subjected to excessive force and denial of medical care which resulted in

---

[1] R.Doc. 1, par. 8.

{01063184 - v1}   1

his death on March 10, 2019. Plaintiff has named nine individuals, including Brink Hillman and the State of Louisiana, as defendants.

With respect to Hillman, Plaintiff's complaint asserts eight counts:

1. A Section 1983 claim for excessive force;[2]
2. A Section 1983 claim for failure to intervene;[3]
3. A Section 1983 claim for denial of medical care;[4]
4. A Section 1983 claim for conspiracy;
5. A state law wrongful death claim under Article 2315.2 of the Louisiana Civil Code;
6. A state law survival claim alleging assault and battery under Article 2315.1 of the Louisiana Civil Code;
7. A state law survival claim alleging intentional infliction of emotional distress under Article 2315.1 of the Louisiana Civil Code; and
8. A survival claim alleging general negligence under Article 2315.1 of the Louisiana Civil Code.

As argued in this memorandum, Plaintiff, in his capacity as Anthony Smith's alleged father, would have statutory standing to bring the foregoing claims against Hillman only if Anthony Smith had no surviving spouse or children. Although Plaintiff alleges in his complaint that "[a]t the time of his death, Anthony had borne no children,"[5] another individual, Latiasha Smith Williams, in her capacity as Anthony Smith's alleged daughter, has filed suit and asserted wrongful death and survival claims against Hillman arising from Anthony Smith's death. Ms.

---

[2] R.Doc. 1, par. 44-49.
[3] R.Doc. 1, par. 50-60.
[4] R.Doc. 1, par. 61-64.
[5] R.Doc. 1, par. 8.

{01063184 - v1}                                        2

Williams' lawsuit is currently pending before this Court as Civil Action No. 20-01145, following removal from the 19th Judicial District Court for the Parish of East Baton Rouge.  Ms. Williams alleges in her petition for damages that she is "the duly acknowledged only child of decedent, Anthony Carl Smith."[6]  The petition was signed by her counsel pursuant to La. C.C.P. Art. 863, a state law requiring counsel to certify that each factual assertion in the pleading has evidentiary support or is likely to have evidentiary support after further investigation or discovery.

In addition to the petition filed by Ms. Williams, counsel for Ms. Williams has produced a copy of a Judgment from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, dated May 18, 1987, which appears to be a divorce proceeding filed by Lillie Mae Smith against the decedent in this case, Anthony Carl Smith.[7]  The judgment on its face awards legal custody of Latiasha Smith to Lillie Mae Smith and visitation rights to the decedent, Anthony Carl Smith.

While Defendant is unaware of whether additional evidence exists to support the claim by Ms. Williams that she is a surviving child of Anthony Smith, the certified allegations of the lawsuit and the 21st Judicial District Court judgment produced by her counsel are evidence which raises a substantial legal question as to whether Richard Smith has any right whatsoever to pursue the claims asserted in his lawsuit.

## LAW AND ARGUMENT

Standing is "perhaps the most important of the jurisdictional doctrines" in determining whether a party has a right to pursue a claim in federal court.  *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).  "Prudential standing requirements exist in

---

[6] Civil Action No. 20-01145, R.Doc. 1-2.
[7] Exhibit A.  Undersigned counsel for Brink Hillman has requested a certified copy of the 21st JDC judgment from the Tangipahoa Parish Clerk of Court and will move to substitute a certified copy into the record upon receipt.

{01063184 - v1}  3

addition to the immutable requirements of Article III as an integral part of judicial self-government." *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). One principle of prudential standing requires that a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights and interests of third parties. *Id.*

Beyond the general standing inquiry, a statutory standing inquiry asks a court to consider whether a plaintiff has a cause of action under a particular statute. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1387, 188 L.Ed.2d 392 (2014). While dismissal on the basis of lack of constitutional standing should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6). *Harold Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

A motion to dismiss for lack of standing may be either "facial" or "factual." *Superior MRI Servs., Inc.*, 778 F.3d at 504 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). An attack is "factual" rather than "facial" if a defendant submits affidavits, testimony, or other evidentiary materials. *Id.* To defeat a factual attack on standing, a plaintiff must prove the existence of standing by a preponderance of the evidence and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). The court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "[N]o presumptive truthfulness attaches to plaintiff's allegations" where there is a factual attack on standing. *Id.*

State tort law defines the "contours and prerequisites" of a Section 1983 claim. *Manuel v. City of Joliet*, 137 S.Ct 911, 920, 197 L.Ed.2d 312 (2017) (citing *Carey v. Piphus*, 435 U.S. 247, 257-58, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). Standing under civil rights statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. § 1981, 1983, and 1988." *Id.*

Louisiana Civil Code Article 2315.1, Louisiana's survival statute, in relevant part provides:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them <u>if he left no spouse or child surviving</u>.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

[Emphasis added.] Likewise, Louisiana Civil Code Article 2315.2, Louisiana's wrongful death statute, provides, in relevant part:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them <u>if he left no spouse or child surviving</u>.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

[Emphasis added.] To recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary under the Civil Code articles. *Turner v. Busby*, 883 So.2d 412, 416 (La. 2004).

Both the Louisiana survival and wrongful death statutes—and by extension, § 1983—provide a right to recovery to a surviving father of the deceased ***only*** if the deceased "left no spouse or child surviving." This Court has a separate lawsuit pending which was filed by someone purporting to be the daughter of Anthony Smith. If her allegations are correct, Richard Smith would lack statutory standing to pursue his claims. Defendant submits that the Court should require Richard Smith to provide affidavits or other evidence confirming that he has standing to pursue these claims so the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case."[8]

## CONCLUSION

Standing is a threshold question in every federal case. Allowing Richard Smith to prosecute his claims any further if he does not have valid statutory standing to do so would result

---

[8] Defendant likewise intends to move to dismiss Ms. Williams' suit based on a lack of standing if Richard Smith is able to prove by a preponderance of the evidence that Anthony Carl Smith had no surviving spouse or children at the time of his death.

in a waste of the Court's and the parties' resources. Evidence has been presented which attacks the central factual basis of Plaintiff's claim of standing in this lawsuit. If Plaintiff is unable to demonstrate to this Court, by a preponderance of evidence, that Anthony Smith had no surviving spouse of children, Defendant Brink Hillman prays that the Court dismiss this lawsuit, with prejudice, and at Plaintiff's cost, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        **JEFF LANDRY**
        Attorney General

By:   /s/ *Gregory C. Fahrenholt*
        **DENNIS J. PHAYER (La. Bar 10408)**
        **GREGORY C. FAHRENHOLT (La. Bar 28572)**
        **BURGLASS AND TANKERSLEY, LLC**
        5213 Airline Drive
        Metairie, Louisiana 70001-55602
        Phone: (504) 836-0408
        Telefax: (504) 287-0448
        Special Assistant Attorneys General
        **Attorneys for Defendant, Captain Brink Hillman**