UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD SMITH, | * |
|     Plaintiff, | * CIVIL ACTION NO. 2:20-cv-00818 |
| | * |
| | * SECTION "T" |
| v. | * JUDGE GREG G. GUIDRY |
| | * |
| ROBERT TANNER; BRINK HILLMAN; | * DIVISION "2" |
| GARY KING; JOHN CRAIN; DONNIE | * MAGISTRATE JUDGE |
| SEAL; DUSTIN RODGERS; FREDRICK | * JOSEPH C. WILKINSON, JR. |
| COKER; JASON GRAHAM; MICHAEL | * |
| PETERS, and the STATE OF LOUISIANA | * |
| | * |
|     Defendants | * |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Sergeant Gary King ("Sgt. King") for the purpose of filing this, his Memorandum of Law in Support of his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in the above-referenced action. Pursuant to Fed. R. Civ. Proc. 7(b)(1)(B), following are the grounds supporting the instant Motion:

**I.    Procedural History and Factual Background.**

The instant matter is a 1983 Complaint regarding the March 2019 death of B.B. Rayburn Correctional Center (Rayburn) inmate Anthony Smith.[1] The facts of Plaintiff's allegations and Anthony Smith's death are not the subject of the instant Motion and undersigned Counsel will not discuss those in any detail herein. Suffice it to say, Plaintiff alleges Sgt. Gary King is liable to Plaintiff Richard Smith for the death of his son Anthony Smith and Plaintiff alleges the following

---

[1] *See, generally,* Plaintiff's Complaint (Rec. Doc. No. 1).

counts against Sgt. King, among others: 1) excessive force;[2] 2) failure to intervene;[3] 3) denial of medical care;[4] 4) conspiracy;[5] 5) wrongful death;[6] 6) survival claim for assault and battery;[7] 7) survival claim for intentional infliction of emotional distress;[8] and 8) a survival claim for negligence.[9] Plaintiff alleges all of the above-referenced claims against Sgt. King pursuant to either 42 U.S.C. § 1983 or the Louisiana Civil Code Articles regarding liability for acts causing damages (La. Civ. Code Art. 2315, *et seq.*).

The facts of these allegations or whether those facts state a **cause of action** are not the subject of the instant Motion. Plaintiff alleges in this matter that he is Anthony Smith's father and, at the time of Anthony Smith's death, "Anthony had borne no children."[10] As this Honorable Court is likely aware, however, Latiasha Smith Williams has filed a separate lawsuit pertaining to the same nucleus of operative facts and that lawsuit is currently pending before this same Honorable Court (Civil Action Number 2:20-cv-01145-GGG-JVM; In the United States District Court for the Eastern District of Louisiana). Ms. Williams alleges in CAN 20-cv-01145 as follows: "Petitioner, LATIASHA SMITH WILLIAMS, is an individual of the full age of majority, […] and is the duly acknowledged only child of decedent, ANTHONY CARL SMITH, an unmarried individual of fifty-five (55) years of age, who died as a result of the actions complained of

---

[2] Rec. Doc. No. 1, at p. 11

[3] *Id.*

[4] Rec. Doc. No. 1, at p. 13.

[5] Rec. Doc. No. 1, at p. 14.

[6] Rec. Doc. No. 1, at p. 18.

[7] Rec. Doc. No. 1, at p. 19.

[8] Rec. Doc. No. 1, at p. 20.

[9] Rec. Doc. No. 1, at p. 21.

[10] Rec. Doc. No. 1, at paragraph 8 (p. 2).

herein."[11] Ms. Williams further alleges as follows: "[Ms. Williams] is the proper party to assert a wrongful death and survival action on behalf of decedent, ANTHONY CARL SMITH."[12]

Latiasha Williams' mother (Lillie Mae Smith) filed a Petition for Divorce from decedent Anthony Carl Smith in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, on April 8, 1987.[13] Lillie Mae Smith alleged therein as follows: "Petitioner and defendant were married on October 15, 1983" and "One child was born of this marriage, namely: Latiasha Smith, age 3."[14] Lillie Mae Smith attached to her Petition for Divorce a sworn verification attesting "that all of the allegations contained therein are true and correct to the best of her knowledge and belief."[15] The 21st Judicial District Court subsequently entered a Judgment on May 19, 1987, ordering that Lillie Mae Smith be awarded the "sole legal care, custody and control of the minor child, namely: Latiasha Smith. **Subject to reasonable visitation to be exercised by the defendant, Anthony Carl Smith**".[16] Ms. Williams alleges the Judgment of divorce in her Petition for Damages.[17] Lillie Mae Smith's sworn Petition for Divorce and the Judgment of the 21st Judicial District Court cast serious doubt on Plaintiff's claim that Anthony Smith "had borne no children" at the time of his death.[18] Sworn evidence exists establishing that Latiasha Smith Williams is the child of Anthony Smith (and she has asserted substantially similar claims against Sgt. King in a separate lawsuit as the Plaintiff herein). As such, she is the only rightful party who has come

---

[11] Rec. Doc. No. 1-2 (in CAN 2:20-cv-01145-GGG-JVM), at paragraph 1 (p. 1).

[12] *Id.*

[13] *See,* Petition for Divorce (attached hereto as Exhibit "A").

[14] Exhibit "A", at paragraph II (p. 1).

[15] Exhibit "A", at p. 5.

[16] *See,* May 19, 1987, Judgment (attached hereto as Exhibit "B").

[17] Rec. Doc. No. 1-2 (in CAN 2:20-cv-01145-GGG-JVM), at paragraph 1 (p. 1).

[18] Rec. Doc. No. 1, at paragraph 8 (p. 2).

forward thus far who may assert a cause of action against Sgt. King for Anthony Smith's death and, pursuant to Louisiana law, Plaintiff Richard Smith has no right of action to assert that claim. Plaintiff Richard Smith does not have standing to assert any of the claims or causes of action he alleges in his Complaint in the instant matter and Sgt. King respectfully suggests the instant matter should be dismissed for that reason.

## II.   Argument of Law and Citation of Authority.

Standing to assert a claim "is an **essential and unchanging** part of the case-or-controversy requirement of Article III" of the United States Constitution.[19] 42 U.S.C. § 1983 does not confer a right of action on a decedent's family member.[20] 42 U.S.C. § 1988, however provides that the laws of the state where the alleged deprivation of rights occurs guides the federal Court in determining whether a family member has a right of action to assert claims for the alleged deprivation.[21] Where a family member of a decedent does not have standing to assert a claim under the laws of the state where the action is brought, that same family member may not prosecute a civil action in a federal Court for an alleged deprivation of rights pursuant to 42 U.S.C. § 1983.[22] Plaintiff Richard Smith, therefore, must show that he has a right of action under Louisiana law to assert claims for the death of his son on his own behalf to be able to maintain his claims in the instant action.

A motion to dismiss for lack of standing may be either "facial" or "factual."[23] An attack is "factual" rather than "facial" if the defendant "submits affidavits, testimony, or other evidentiary

---

[19] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis supplied).

[20] *Carringer v. Rodgers*, 331 F.3d 844, 849 (11th Cir. 2003).

[21] *Id.,* at p. 850.

[22] *Pluet v. Frasier*, 355 F.3d 381, 385 (5th Cir. 2004).

[23] *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015); *citing, Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

4

materials."[24] Sgt. King has submitted herewith the sworn Petition for Divorce and Judgment thereon filed and granted in the 21st Judicial District Court establishing that Latiasha Smith Williams is the daughter of Anthony Smith. The instant Motion, therefore, is a "factual" attack on Plaintiff Richard Smith's standing to assert the instant claims and, to defeat this Motion, Plaintiff "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof."[25] The court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness attaches to plaintiff's allegations".[26] Plaintiff Richard Smith, therefore, must produce evidence to this Court showing that he has standing to assert the claims he asserts in the instant matter.

In addition to Plaintiff's 1983 claims, Plaintiff alleges claims against Sgt. King herein pursuant to La. Civ. Code Art. 2315.2 (wrongful death),[27] La. Civ. Code Art. 2315.1 (survival claims for assault and battery and intentional infliction of emotional distress),[28] and La. Civ. Code Art. 2316 (negligence). Those Louisiana Civil Code Articles represent the state laws under which Plaintiff must have standing to bring his 1983 claim pursuant to 42 U.S.C. § 1988. Federal law is clear that, if a closer-relation (superior) family member is entitled to bring a cause of action pursuant to the Louisiana Civil Code Articles regarding liability for acts causing damages (La. Civ. Code Art. 2315, *et seq.*), then inferior class members (those more tangentially related to the

---

[24] *Id.*

[25] *Id., citing, Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

[26] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[27] Rec. Doc. No. 1, at p. 18.

[28] Rec. Doc. No. 1, at p. 20.

5

decedent) have no right of action to do so.[29]  "When a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."[30]  Louisiana's survival and wrongful death statutes (La. Civ. Code Arts. 2315.1 and 2315.2, respectively) first identify "[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children" as the most superior class of beneficiaries entitled to bring a legal action on behalf of a decedent.[31]  The first inferior class of persons entitled to bring such an action is "[t]he surviving father and mother of the deceased, or either of them **if he left no spouse or child surviving**".[32]  Plaintiff in the instant matter, therefore, is a member of the first inferior class of La. Civ. Code Arts. 2315.1(A)(2) and 2315.2(A)(2) and may only maintain this action if there are no members of the superior class identified in La. Civ. Code Arts. 2315.1(A)(1) and 2315.2(A)(1).

Exhibits "A" and "B" hereto (the divorce proceeding of Lillie Mae Smith), as well as the Petition for Damages filed and pending in this Honorable Court in Civil Action Number 2:20-cv-01145,[33] show not only that there is a member of the superior class (Latiasha Smith Williams) entitled to assert the same claims that Plaintiff Richard Smith is asserting herein, but that Ms. Williams is, in fact, asserting those claims in this Court.  **Either** Richard Smith **or** Latiasha Smith Williams is entitled to bring the instant claims against Sgt. King, but not both.  The sworn and attested Petition for Divorce of Lillie Mae Smith (as recognized by the Judgment of the 21st Judicial District Court) establishes through competent evidence that Latisha Smith Williams is the daughter

---

[29] *Lewis v. Allis-Chalmers Corp.*, 615 F.2d 1129, 1130 (5th Cir.1980).

[30] *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 16 F.Supp.3d 755, 763 (E.D. La.2014), *citing, Jenkins v. Mangano Corp.*, 2000–0790 (La.11/28/2000); 774 So.2d 101, 105.

[31] La. Civ. Code Art. 2315.1(A)(1) and La. Civ. Code Art. 2315.2(A)(1).

[32] La. Civ. Code Art. 2315.1(A)(2) and La. Civ. Code Art. 2315.2(A)(2).

[33] Rec. Doc. No. 1-2 (in CAN 2:20-cv-01145-GGG-JVM), at paragraph 1 (p. 1).

6

of Anthony Smith and is the only known individual with capacity to bring a wrongful death claim, survival claim, or 1983 claim on behalf of Anthony Smith. Unless and until Richard Smith can provide evidence to traverse the attestations of Lillie Mae Smith and prove that Latisha Smith Williams is **not** the daughter of Anthony Smith (and support his allegation that Anthony Smith "had borne no children"[34]), then his claims should be dismissed in favor of Ms. Williams' claims.

## III. Conclusion

The sworn and attested evidence before the Court and attached hereto establishes that Richard Smith does not have standing (or a right of action) to assert the claims he has alleged herein. Sgt. Gary King therefore respectfully suggests Mr. Smith's claims should be dismissed.

---

[34] Rec. Doc. No. 1, at paragraph 8 (p. 2).

Respectfully submitted,

**BLUE WILLIAMS, LLP**

*/s/ Jacob K. Best*

GUICE A. GIAMBRONE, III, T.A. (#25062)
JACOB K. BEST (#25933)
3421 N. Causeway Boulevard, 9th Floor
Metairie, Louisiana 70002
Telephone (504)-831-4091
Facsimile: (504)-837-1182
Email:  ggiambrone@bluewilliams.com
            jbest@bluewilliams.com
*Attorneys for Defendant Gary King*

### CERTIFICATE OF SERVICE

I do hereby certify I have on this 15th day of May, 2020, filed a true and accurate copy of the foregoing pleading with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will provide notice of the electronic filing to Counsel for all parties.

*/s/ Jacob K. Best*

Jacob K. Best

8